**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 98-50247
Summary Calendar

CHARLES A. BLACKWELL,

Plaintiff-Appellant,

VERSUS

UNIVERSITY OF TEXAS AT SAN ANTONIO,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(SA-96-CV-865)
September 17, 1998

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

DUHÉ, Circuit Judge:[1]

Plaintiff-Appellant Charles Blackwell appeals the summary judgment dismissal of his Title VII employment discrimination claims against University of Texas at San Antonio and the district court's denial of his motion for reconsideration. We affirm.

I

Charles Blackwell ("Blackwell") is a black male who has been employed at the University of Texas at San Antonio ("UTSA") since 1985. According to Blackwell, UTSA hired, promoted and gave merit

---

[1]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

raises to white employees with less experience and qualifications. Further, on October 4, 1993, Blackwell injured his hand while working, requiring several stitches. On October 6, 1993, Blackwell submitted to his supervisor a doctor's note prohibiting him from returning to work before his follow-up appointment on October 7, 1993. On that same day, Blackwell submitted a request for light duty work, which UTSA denied.

In February 1994, Blackwell filed an employment discrimination complaint with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission, alleging, <u>inter alia</u>, that UTSA failed to provide him with light duty work, failed to promote him, and failed to give him merit raises based on his race. In September 1996, Blackwell sued UTSA, asserting various race-based claims.

On July 7, 1997, the dispositive motions deadline, UTSA submitted a motion for summary judgment with a brief in support, along with a motion for relief from briefing page limitations of local Rule CV-7(c). The district court granted the motion for relief July 15, 1997; Blackwell's counsel received notice of this order. The district court granted summary judgment August 20, 1997. Blackwell's counsel had not filed a brief or evidence in opposition.

Immediately upon receipt of the order granting summary judgment, Blackwell's counsel filed a brief in opposition with affidavits and requested reconsideration of the summary judgment order under Rule 60(b)(1). He asserted that the joint filing of

2

the motion for summary judgment and the motion for relief from page limitations created confusion. Further, Blackwell's counsel, unfamiliar with federal summary judgment motion practice, believed that the court would fix a hearing date, and that he would have until 10 days before that hearing date to respond to the summary judgment motion. He did not realize that local Rule CV-7 required him to respond to the summary judgment motion within 10 days. The court denied Blackwell's motion for reconsideration. Blackwell appeals the denial of reconsideration of summary judgment, and appeals the grant of summary judgment on his claims that UTSA discriminated against him on the basis of race in denying him light duty, and in failing to promote him and award him merit raises.

II

Decisions on Rule 60(b)(1) motions are within the district court's discretion. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). We will set aside the district court's denial of relief only for abuse of that discretion. See id. "It is not enough that the granting of relief might have been permissible, or even warranted-denial must have been so *unwarranted* as to constitute an abuse of discretion." Id. (emphasis in the original). We conclude that the district court did not abuse its discretion.

Rule 60(b)(1) permits reconsideration of an order granting summary judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). However, "'[g]ross carelessness . . . [or] [i]gnorance of the rules is not enough, nor

3

is ignorance of the law.'" <u>Pryor v. U.S. Postal Service</u>, 769 F.2d 281, 287 (5th Cir. 1985)(citation omitted). Blackwell's counsel claims mistake and inadvertence stemming from confusion over whether the summary judgment motion would be accepted by the court and a misinterpretation of the interaction between local Rule CV-7 and Federal Rule of Civil Procedure 56.  The district court found that the asserted confusion and misinterpretation did not satisfy the Rule 60(b)(1) standard.  This finding is not so unwarranted as to be an abuse of his discretion.

III

We review a grant of summary judgment <u>de novo</u>, viewing the facts and inferences in the light most favorable to the nonmovant. <u>See</u> <u>Hall v. Gillman Inc.</u>, 81 F.3d 35,36-37 (5th Cir. 1996). Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); <u>accord</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  A genuine issue of material fact exists only if "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 256 (1986).  The moving party bears the burden of establishing that there is no genuine issue of material fact, or that there is no evidence to support the nonmoving party's case when the nonmoving party bears the burden of proof.  <u>See</u> <u>id.</u>

4

Title VII prohibits an employer from discriminating on the basis of race in making employment decisions. See 42 U.S.C. § 2000e-2(a)(1). To prove discrimination under Title VII, Blackwell must establish a prima facie case by demonstrating that he: (1) is a member of a protected class; (2) was qualified for the promotions and for light duty; (3) experienced an adverse employment action; (4) was treated less favorably than others outside of his class. See Meinecke v. H & R Block of Houston, 66 F.3d 77, 83 (5th Cir. 1995).

Establishing a prima facie case raises a presumption of discrimination, which the defendant must rebut by articulating a legitimate, nondiscriminatory reason for its employment action. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The defendant's articulation of a legitimate, nondiscriminatory reason destroys the presumption. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 n.10 (1981). The plaintiff must then prove that the defendant's proffered reason is pretext for discrimination by showing that the articulated reason is not credible, and that the discriminatory reason is more likely. See St. Mary's Honor Center. v. Hicks, 509 U.S. 502, 507-08 (1993).

Summary judgment for the defendant is appropriate if the evidence demonstrates that the plaintiff cannot establish an element of his prima facie case, see Faruki v. Parsons S.I.P., Inc., 123 F.3d 315, 319 (5th Cir. 1997), or that the plaintiff cannot raise a genuine issue of material fact concerning pretext,

5

see id. at 256.

Blackwell contends that UTSA discriminated against him based on race by refusing to grant him light duty following his on-duty injury, and by failing to promote him and award him merit raises. Because Blackwell fails to raise a genuine issue of material fact that UTSA's refusal of light duty and failure to promote and grant merit raises is a pretext for racial discrimination, it is not necessary to address whether Blackwell establishes a prima facie case.

UTSA offered evidence establishing three reasons for denying Blackwell light duty on October 6, 1993. First, UTSA policy requires a medical release before an injured employee may return to work, and Blackwell's doctor specifically prohibited him from performing any type of work until after a follow-up medical examination on October 7, 1993. Second, UTSA light duty guidelines permit light duty only when such duty poses no threat to the employee, and an open wound in an environment of carpentry dust and debris poses a risk to Blackwell. Third, no light duty jobs were available that Blackwell could perform with the use of only one hand, and with an open wound. Blackwell offered no evidence in opposition to the summary judgment motion; therefore, he did not raise a genuine issue of material fact that UTSA's proffered reasons were pretext.

UTSA offered evidence establishing two reasons for failing to promote Blackwell and grant him merit raises. First, promotion occurs only through reclassification or by applying and competing

6

for higher level positions when they become available; Blackwell's job was reclassified from Laborer to Maintenance Worker I, and Blackwell did not apply for any promotions. Second, Blackwell's excessive absenteeism precluded promotion and merit raises. Blackwell offered no evidence in opposition to the summary judgment motion; therefore, he did not raise a genuine issue of material fact that UTSA's proffered reasons were pretext.

Since Blackwell did not raise a genuine issue of material fact that UTSA's reasons for refusing to grant him light duty and for failing to promote him and give him merit raises were pretext, we affirm the district court's order granting summary judgment.

AFFIRMED.